WILLIAM DONOVAN *vs.* THE HARLAN & HOLLINGSWORTH COMPANY, a corporation of the State of Delaware.

*Case—Action for Personal Injuries—Construction of Scaffold— Duty of Master—Duty of Servant—Negligence— Burden of Proof.*

1. If in an action for personal injuries caused by the falling of a scaffold on which the plaintiff was working, the jury shall find that it was the duty of the defendant not only to provide the materials for the scaffold, but also to place those materials in position ready for the use of the plaintiff, and shall also find that the injuries resulted solely from the defective scaffold, their verdict should be for the plaintiff. But if they find that it was the duty of the plaintiff to erect his own scaffold, or to shift the planks used therein from time to time to meet the exigencies of his work, and the injuries resulted from his own want of care in so doing, and the duty of the defendant was only to provide *the materials* for the scaffold, their verdict should be for the defendant.

2. If it was the duty of the plaintiff to erect, or arrange, his own scaffold, its safety would be his own risk, and it would be immaterial whether he took the scaffold materials and placed them in position himself at the time he began his work, or adopted and used for his scaffold the materials as they had been placed in position by other of his fellow-workmen for their convenience.

3. It is unquestionably true that a servant may assume the construction of the place in which he works ; and if the conditions of his employment are of that character, the master is relieved of such duty.

(*June 7, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John P. Nields* for plaintiff.

*Levi C. Bird* and *Andrew E. Sanborn* for defendant.

Superior Court, New Castle County, May Term, 1899.

ACTION ON THE CASE (No. 113 September Term, 1898), for personal injuries alleged to have been received through the negligence of the defendant company, in furnishing an unsafe platform or scaffold for the plaintiff to work upon on the tugboat *Gem,*

being built by said company, by means of the breaking of which platform or scaffold, the defendant was hurled into the hold of the said boat, a distance of ten feet, injuring his back and leg.

LORE, C. J., charging the jury:

Gentlemen of the jury :—It is conceded that the relations subsisting between the plaintiff and the defendant in this action, at the time of the accident, were those of master and servant. In like manner it is not disputed, that it is one of the primary duties of the master to furnish his servant a reasonably safe place in which to perform the work of the master, in every case, where the conditions of such relation impose that duty.

There is therefore no dispute as to the law governing this case, but only as to the application of that law.

The plaintiff contends that it was the duty of the defendant company to provide the scaffold upon which he was working at the time of the injury ; that the scaffold broke by reason of defective material used in its construction ; that he was a driller, and as such it was no part of his business to construct the scaffold ; that he did not assist in and was not present during its construction ; that he had no knowledge or means of knowing how or by whom it was constructed ; that he first went upon it, at least three or four weeks after its construction, and that he did so upon the order of the foreman of the shipyard ; that his injuries resulted from the negligence of the defendant in providing an unsafe place for him to work in, and were without fault on his part.

The defendant on the other hand contends that the scaffold upon which the plaintiff was working at the time of the accident, consisted of four or more planks or pieces of lumber loosely laid upon each other; and so loosely laid by the drillers and other fellow workmen using them, so as to be readily moved or slipped about from time to time to suit their convenience in performing their work for the time being. That by the conditions of the employment such movable scaffolds were uniformly put up by the work-

men themselves for their own convenience, the master only furnishing the planks or material for their construction; that this particular platform was actually put up by the other *drillers* and workmen, in the course of their duty as fellow servants of the plaintiff and for their own convenience, and by the plaintiff was adopted and used in like manner; that there was no duty resting on the defendant company to provide this scaffold, but that it was the duty of the plaintiff to see to the safety of his own scaffold; that therefore the negligence which caused the injury, if any there was, was the plaintiff's own negligence.

You will note, that the case rests largely upon the question, as to whose duty it was to provide the scaffold on which the plaintiff was working.

If under the evidence in this cause, and under the conditions of the employment, you find that it was the duty of the master, not only to provide the materials for the scaffold but also to place those materials in position ready for the use of the plaintiff; and if you further find that the injuries complained of resulted solely from the defective scaffold so provided by the master; your verdict should be for the plaintiff, and for such sum as will reasonably compensate him for the injury which he has sustained.

On the other hand, if you should find from the evidence and the conditions of his employment, that it was the duty of the plaintiff to erect his own scaffold, or to shift the plank used therein from time to time to meet the exigencies of his work, and the injury resulted from his own want of care in so doing, and that the duty of the defendant company was only to provide the materials for the scaffold, then the plaintiff cannot recover. In that event, it would be his own scaffold; the safety of which was his own risk. In such case it would be immaterial, whether he took the scaffold materials, and placed them in position himself at the time he began this work, or adopted and used for his scaffold, the materials as they had been placed in position by other of his fellow workmen for their convenience. In either case it would be his

scaffold, and he was bound to see to its safety, and could not shift that duty upon his employer. If he saw fit to use, or as it were to borrow for his own convenience, a scaffold erected by his fellow workmen in the line of their duty and for their own convenience, he was bound to see to it that the scaffold was safe before using it; and if he did not do so, it was his own negligence and he must take the consequences.

It is unquestionably true that a servant may assume the construction of the place in which he works, or may provide the tools with which he works; and if the conditions of his employment are of that character, the master is relieved of such duty.

In ascertaining, therefore, whether the plaintiff was entitled to have both the materials furnished and put together by the defendant as a scaffold for his immediate use, or was only entitled to have the materials furnished, he placing them at his convenience for his work; you are to apply the law as it has been stated by the Court to the evidence in this cause.

The ground upon which this action is based is negligence. The burden is upon the plaintiff to prove the negligence of the defendant; and before the plaintiff can recover you must be satisfied by a preponderance of the evidence that the injuries complained of were the result of the negligence of the defendant company only.

There is really no disputed law in this case. In the main it is a question of fact to be decided by you upon the evidence, and you are to determine those facts and reach your verdict under the law as it has been heretofore stated.

Verdict for defendant.